IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES CAMERON GRIFFIN, JR.,                                 PLAINTIFF
ADC #166747

V.                        5:18CV00148-KGB-JTK

D. MCCONNELL                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.      Why the record made before the Magistrate Judge is inadequate.

     2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Griffin, a state inmate confined at the Varner Super Max Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, seeking monetary relief against Defendant for watching him in the shower.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**I.     Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

**II.    Facts and Analysis**

Plaintiff alleges that on March 30, 2018, he was escorted to the shower, and after about five to six minutes, Defendant walked by and looked into the shower. (Doc. No. 2, p. 4) Plaintiff asked Defendant what he was looking at, and Defendant replied that he was just watching. (Id.) Plaintiff yelled at Defendant three times before he left. (Id.) By this time, Plaintiff's ten minutes

3

in the shower had expired and he was escorted back to his cell by another officer. (Id.) Plaintiff called the PREA hotline and filed a grievance about the incident. (Id.)

In order to support a claim for relief against Defendant pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). However, Plaintiff's allegations do not state an actionable constitutional claim. Although sexual harassment or abuse of an inmate by a prison guard "may in some circumstances constitute the unnecessary and wanton infliction of pain which is forbidden by the Eighth Amendment ... harassment without any physical contact is insufficient to constitute the unnecessary and wanton infliction of pain." Philmlee v. Byrd, No. 4:10cv00221-BSM-HDY, 2010 WL 6549829, at *3 (E.D.Ark), report and recommendation adopted, 2011 WL 1542655 (E.D.Ark.), citing Howard v. Everett, 208 F.3d 218 (8th Cir. 2000). In Philmlee, the court held that the mere fact that female guards watched the male inmate plaintiff take a shower did not rise to the level of a constitutional violation. In this case, Plaintiff does not allege that Defendant touched him or made lewd or harassing sexual comments or threats. Rather, he merely states Defendant watched him for a time period which would not have exceeded four to five minutes. Therefore, the Court finds Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.  The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 25th day of June, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.